FILED
CLERK

January 12, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHARLES and VALERIE POWELL,

                Plaintiffs,

           -against-

MATHEW JAMES, REVENUE AGENT,

                Defendant.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21-CV-06419 (GRB) (JMW)

**A P P E A R A N C E S:**

Charles Powell
3386 Bertha Dr.
Baldwin, NY 11510
*Pro Se Plaintiff*

Valerie Powell
3386 Bertha Dr.
Baldwin, NY 11510
*Pro se Plaintiff*

Eric Adrian Ashby II
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
*For Defendants Mathew James,
and United States of America*

**WICKS,** Magistrate Judge:

       Plaintiffs' Charles and Valerie Powell -- proceeding *pro se* -- brought this action on

November 12, 2021, against Defendant Mathew James, a Revenue Officer for the Internal

Revenue Service ("IRS"), initially seeking monetary damages and declaratory relief, but now

only declaratory relief.  (*See* DE 1, 18, 19.)  On March 11 and 22, 2022, Plaintiffs filed an

"Amended Complaint for Declaratory Judgment" (DE 18) and a "Petition for a Writ of Mandamus" (DE 19) (collectively "Second Amended Complaint"). The Court construed these filings as a motion for leave to file a second amended complaint, granted the motion, and deemed these filings as the operative complaint in this matter. (Electronic Order dated May 9, 2022.)

Plaintiffs, appearing pro se, at a minimum appear to challenge the assessment of federal taxes and tax collection efforts by the IRS. (*See* DE 19.) Plaintiffs' Second Amended Complaint makes reference to various claims they seek to bring against James individually and in his official capacity as an IRS agent. (DE 19 at 1.) Plaintiffs seek a writ of mandamus requiring James to provide information about a tax lien, and to cease and desist any seizures or collections until James has provided evidence that those actions are proper, and that he followed the requirements of due process that are owed to taxpayers "in harmony with the U.S. Constitution and the Tax Payers Bill of Rights." (DE 19 at 7.)

Plaintiffs assert constitutional claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and make cursory references to the Federal Tort Claims Act. (DE 19 at 4-6.) Plaintiffs also seek declaratory judgment under Fed R. Civ P. 57 and 28 U.S.C. § 2201. (DE 1 at 2.) Specifically, they seek a determination that "Respondents are now in default," and the purpose of the relief sought is "to have a review of our [administrative] procedures and for the court to make a determination of default against the defendant." (DE 1 at 2.)

Before the Court is Defendants United States of America[1] and Mathew James' motion to dismiss, filed on August 15, 2022, seeking dismissal of the Second Amended Complaint

---

[1] The United States of America is the proper party as to most of the claims asserted in this action. *See infra* § III.A. Accordingly, even though Mathew James is the sole named defendant, reference is made to Defendants, plural.

pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6).  (DE 30.)  This motion is before the

undersigned pursuant to the Hon. Gary R. Brown's May 2, 2022 Order referring any dispositive

pretrial motions to the undersigned for a Report and Recommendation.  (Electronic Order dated

May 02, 2022.)  For the reasons that follow, the undersigned respectfully recommends that the

Defendants' motion to dismiss be GRANTED.

## I.    FACTUAL AND PROCEURAL BACKGROUND

### A.  Factual Background

The facts are drawn from Plaintiffs' various filings including the Second Amended

Complaint, the Initial Complaint, which is referenced in their Second Amended Complaint, and

documents attached thereto.  Plaintiffs state the purpose of filing this action was "to have a

review of [their] [administrative] procedures and for the court to make a determination of default

against the defendant."  (DE 19 at 5.)  Plaintiffs started certain "administrative procedures"

against James on July 27, 2021 seeking an explanation of his authority to "review and assess"

their taxes.  (DE 19 at 2.)  James then allegedly refused their "First administrative Notice,

Second Administrative Notice" and wholly failed to provide them with his "actual, express and

apparent authority," to assess taxes and pursue collection efforts.  (DE 19.)  Plaintiffs then sent a

"Last Chance Communication and Notice of Intent to Sue."  (DE 1 at 3.)  Plaintiffs state that

James is in "default" and as such has, through the law of agency, has bound his "principle" the

IRS into default, through nonperformance, and lacks authority as to Plaintiffs.  (DE 19 at 3.)

Plaintiffs Affidavit, attached to their Initial Complaint (DE 1 at 9), is offered to "contest

the [tax] assessments" and alleges that James, *inter alia*, did not verify whether he used a "cash

basis" or "accrual method of account," did not provide a "Proof of Claim (Form 4490)," a

"signed Delegation Order" to support the substitute for return, and failed to provide the volume

and page number in the Federal Register  where these documents were published.  (DE 1 at 9-10.)  Further, Plaintiffs allege that the IRS seized Plaintiffs personal residence and bank account without prior approval of the "District Director."  (DE 1.)  Plaintiffs state generally that the IRS is simply not allowed to seize assets if doing so would result in hardship such making one "struggle to make ends meet for their family", and thus, Plaintiffs pay, home, and vehicle used to commute to work, are protected from "unlawful seizure."  (DE 19 at 3.)

In sum, Plaintiffs appear to allege that the IRS assessed taxes against them, pursued collection efforts against them after issuing Notices of Federal Tax Lien and Notices of Levy, and that Plaintiffs subsequently sent certain notices/demands to IRS agent James requiring him to explain his authority to assess and collect taxes, but he did not do so.

**B.  Procedural Background**

On June 2, 2022 the Court held a pre-motion conference regarding Defendants' anticipated motions to substitute and dismiss, and Plaintiffs' anticipated motion for summary judgment, and set a briefing schedule accordingly.  (DE 25.)  The schedule was as follows:

> Defendants shall serve (but not file) their motion to dismiss/substitute and Plaintiffs shall serve (but not file) their motion for summary judgment on or before 6/24/2022; opposition papers shall be served on or before 7/29/2022; reply papers shall be served on or before 8/12/2022; Defense counsel shall file the fully briefed motion papers on behalf of all parties on 8/15/2022.

(DE 25.)

Defendants served their motion to dismiss on Plaintiffs on June 24, 2022, and the United States then received two nearly identical letters dated July 7, 2022, one from each Plaintiff, that were titled "Notice of Conditional Acceptance Upon Proof of Claim Non-Negotiable" with the subject matter "RE: MOTION TO DISMISS No 2:21-cv-06419-GRB-JMW."  (DE 33 at 1.) These letters were part of a package that included a copy of Defendants' motion to dismiss with

the words "NOTICE OF CONDITIONAL ACCEPTANCE UPON PROOF OF CLAIM NON-

NEGOTIABLE" in large red letters written across every page of the copy, a copy of a printout

reflecting Attorney Eric Ashby II's inactive State of California license, and a document titled

"ALLEGED IRS OFFICER MATHEW JAMES" that states James is acting under "COLOR OF

OFFICE" using "contra accounting" that is inconsistent with IRS regulations, which cites

various IRS Regulations and Uniform Commercial Code provisions.  (*See* DE 31.)[2]

On July 29, 2022, the United States received two more nearly identical letters dated July

21, 2022, one from each Plaintiff, that referred to the July 7 letters.[3]  (DE 33 at 2.)  Defendants

received no other papers from Plaintiffs.[4]  (DE 29).  Defendants filed their motion to dismiss on

August 15, 2022.  (DE 30.)  The next day, on August 16, 2022, the United States received two

more identical letters dated August 6, 2022, one from each Plaintiff appearing to be a "Notice of

Irrevocable Estoppel by Acquiescence."  (DE 34.)  The July documents, aside from a reference

to the motion to dismiss in the subject line, do not attempt to address the Defendants' motion to

dismiss let alone respond to the substantive arguments contained within it.   (*See* DE 31.)  The

July and August documents (*see* DE 38, 34) appear to be notices/demands to the attorney for the

United States, Eric A. Ashby II, and Mathew James regarding certain documentation to "verify"

their claim.  These notices require a reply by a date certain and deem failure to reply as an

---

[2] The Court notes that Defendants state that Plaintiffs' filings and claims reflect language and stylistic elements typically deployed by individuals that adhere to the "tax protestor movement" that routinely file suits that are rejected by federal courts as frivolous.  (*See* DE 33 at 2 (citing cases).)

[3] Copies of the July 7 and 21, 2022 documents had been improperly sent to the Court's *Pro Se* Office on July 18 and 26, 2022, and were thereafter returned without docketing or consideration.  (DE 27, 28.)

[4] As explained in their July 29, 2022, letter to the Court, Defendants reached out to Plaintiff Charles Powell on July 15, 2022 and left a voicemail requesting that he confirm that he has not filed a motion for summary judgment but received no response.  (DE 29.)  Defendants have not been served with a motion for summary judgment and none has been filed by Plaintiffs to date.

admission of certain terms. The August 6 letter, for instance, states that since Defendants have not responded, they are estopped from bringing any claims, and their failure to respond means they have agreed to certain terms including that the tax liens do not exist or have been paid, they will not pursue this matter, and any further claims are subject to fees set forth in a fee schedule. (DE 34.) As Defendants explain in their reply memorandum in support of their motion (DE 33), nothing in the documents can be construed as an opposition to Defendants' motion to dismiss as Plaintiffs fail to make any responsive arguments.

Defendants' motion to dismiss is premised on three grounds, a lack of subject matter jurisdiction, insufficient process, and a failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6). Having reviewed the Second Amended Complaint and Defendants' motion to dismiss, for the reasons stated herein, the undersigned respectfully recommends Defendants' motion be GRANTED.

## II.    <u>LEGAL STANDARD</u>

### A.  Lack of Subject Matter Jurisdiction

"A court must decide a 12(b)(1) motion before other motions to dismiss." *Peker v. Steglich*, No. 06-cv-6910 (SAS), 2007 WL 683796, at *1 (S.D.N.Y. Mar. 5, 2007), *aff'd*, 324 F. App'x 38 (2d Cir. 2009) (summary order). It is axiomatic that "'federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)). One such jurisdictional limitation is that of subject matter jurisdiction, which prescribes "a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 163

L. Ed. 2d 797 (2006).  Such categories are limited to cases involving a federal question, and cases where parties are citizens of different states and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §§ 1331, 1332.

The burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists rests on the plaintiff.  *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (citation omitted).  The Court may "rely on evidence outside the complaint" when assessing subject matter jurisdiction.  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015).  Typically, the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Morrison v. Nat'l Austl. Bank Ltd*., 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (internal quotation marks omitted).

**B.  Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  When considering a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff."  *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

However, this tenet does not apply to legal conclusions or "threadbare recitals of a cause of action's elements." *Ashcroft v. Iqbal*, 556 U.S. at 663. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More is required.

When cases involve a *pro se* complaint like here, the Court must interpret the pleading to raise the strongest claim suggested by the allegations. *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752 RRM LB, 2011 WL 2550733, at *3 (E.D.N.Y. June 27, 2011). "However, mere conclusions of law or unwarranted deductions need not be accepted." *Id.* (internal quotations omitted.). Notably, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the plaintiff has not pleaded." *Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *7 (S.D.N.Y. Sept. 7, 2021) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

### C. Insufficient Service of Process

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010) (internal quotation marks omitted). In considering a challenge to the sufficiency of service of process, the Court "must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

### III.    <u>DISCUSSION</u>

#### A.  Who is the Proper Defendant?

Defendants accurately characterize Plaintiffs' allegations as a "grievance revolv[ing] around an assessment of federal tax due by Plaintiffs to the United States and subsequently filed Notices of Federal Tax Lien and Notices of Levy issued by the United States in an effort to collect taxes due." (DE 30-1 at 1).  And as premised on the assumption that James, who was assigned to their case, "was required and failed to respond to their demands to explain his authority to assess and collect taxes owed to the United States by Plaintiffs." (DE 30-1 at 2.) Defendants argue that the United States is the real party in interest as to all possible claims asserted by Plaintiffs, and the action is against the United States except as the *Bivens* claim because (1) the acts Plaintiffs allegations relate to were taken by James in his official capacity as an agent of the United States, and (2) the declaratory relief and cessation of tax collection activity sought by Plaintiffs can only be granted by the United States. (DE 30-1 at 9.)

Plaintiffs seek declaratory relief against James and the IRS to hold them in default, and further seek to require James to cease and desist any tax collection activities including seizures. (DE 19 at 7.)  The "general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Greene v. I.R.S.*, 348 F. App'x 625, 626 (2d Cir. 2009) (summary order) (citing *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)).  To the extent Plaintiffs' Second Amended Complaint can be construed as seeking relief against the IRS, the IRS cannot be sued in its own name because Congress has not authorized as much. *Id.* ("The district court properly treated the Greenes' action seeking to enjoin the IRS from enforcing the provisions of

the Internal Revenue Code against them as an action against the United States[.]"); *Celauro v. U.S. I.R.S.*, 411 F. Supp. 2d 257, 267 (E.D.N.Y. 2006) ("Congress has not specifically authorized suit against the IRS. Therefore, it is not a suable entity"), *aff'd sub nom. Celauro v. United States*, 214 F. App'x 95 (2d Cir. 2007) (summary order).  Accordingly, to the extent the complint is construed to assert a claim against the IRS, it is respectfully recommended that is should be dismissed.

Plaintiffs sue James in his individual and official capacity.  "[R]elief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).  Where a party seeks relief affecting a federal employee's actions in his official capacity, that action is against the United States.  *See Celauro*, 411 F. Supp. 2d at 266.  The Court looks to a two-part test to determine whether an agent is acting within the scope of their employment: (1) "whether there is a reasonable connection between the act and the agent's duties and responsibilities," and (2) "whether the act is 'manifestly or palpably beyond the agent's authority.'"  *Id.* (citation omitted).

The assessment of taxes and related collection activities are those performed by James in his official capacity an IRS agent.  For example, "the issuance of various Notices of Levy, Notices of Federal Tax Liens, and Administrative Summonses [are] clearly related to [an IRS agent's] official duties."  *Celauro*, 411 F. Supp. 2d at 266.  The collection of taxes or issuance of levies are not manifestly beyond James' authority as an IRS agent.  *See id*.  Thus, the Court treats the Plaintiffs claims against James in his officially capacity as properly against the United States. *See Perez v. Hawk*, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004) ("It is well-settled that any lawsuit against an agent or employee of the United States in his/her official capacity is an action against the sovereign itself.").

### B.  Lack of Subject Matter Jurisdiction

Defendants move to dismiss pursuant to Fed R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction over Plaintiffs' claims.  Defendants aver that the Court lacks subject matter jurisdiction in this action against the United States or James in his official capacity because Plaintiffs' claims are barred by sovereign immunity and waiver does not apply.  (DE 30-1 at 9.) The Court generally does not have subject matter jurisdiction over cases that are initiated against the United States since it is "is immune from suit save as it consents to be sued."  *Peker*, 2007 WL 683796, at *1.  Plaintiffs bear the burden of demonstrating waiver of sovereign immunity, which is a perquisite to subject matter jurisdiction, and any ambiguity in this matter is "construed strictly in favor of the sovereign."  *Id.*; *Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *8 (S.D.N.Y. Sept. 7, 2021) ("Absent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity.").

### i.  The Declaratory Judgment Act

To the extent Plaintiff seeks a declaratory judgment under "Fed. R. Civ. P. 57 and 28 U.S. Code §§ 2201-02" (*see* DE 19 at 5), the United States argues it has not waived sovereign immunity under the Declaratory Judgment Act, which excludes actions "with respect to Federal taxes" generally, except for exemptions not applicable here, (DE 30-1 at 10).  28 U.S.C. § 2201. The Declaratory Judgment Act allows the Court "to declare the rights and obligations of the parties properly before it in any 'case of actual controversy within its jurisdiction, except with respect to *Federal taxes*.'"  *S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002) (emphasis in original)  (citing  28 U.S.C. § 2201(a)).  The Declaratory Judgment Act "explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal

taxes," with limited exceptions that Plaintiffs do not allege. *Id*. The declaration Plaintiff primarily seeks is that James and IRS are in default, which is premised on their failure to respond to Plaintiffs' notices requiring them to explain their authority to "review and assess" their taxes. (DE 19 at 2, 5.) The Declaratory Judgment Act does not allow the Court to do so without a waiver of sovereign immunity. Thus, Plaintiffs' request for declaratory relief is barred.

### ii. The Anti-Injunction Act

Plaintiffs seek a writ of mandamus requiring James to provide the information the Plaintiffs seek about tax assessment and collection, and to cease and desist any seizures or collections until James provides evidence that those actions are proper. (DE 19 at 7.) Defendants argue that Plaintiffs' request, to the extent it can be construed as one for equitable relief to have the United States cease tax collection against Plaintiffs for unpaid income tax liabilities, is barred by Anti-Injunction Act ("AIA"), (DE 30-1 at 11). *See* 26 U.S.C. § 7421(a). The Anti-Injunction Act commands, with exceptions not alleged here, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). It applies to the assessment and collection of taxes "but also to activities which are intended to or may culminate in the assessment or collection of taxes." *Davidson v. Comm'r*, 589 F. Supp. 158, 161 (S.D.N.Y. 1984) (internal quotation marks omitted).

A judicially created exception exists but is inapplicable where, as here, an adequate remedy is available because "it has long been established that payment of the tax assessed followed by a suit for refund constitutes an adequate remedy at law, despite the financial hardships that may flow therefrom." *Id*. The request Plaintiff seeks is injunctive in nature as it requires Defendants to either take or not undertake certain actions and the effect of that relief

would be to restrain tax assessment and collection.  Thus, to the extent Plaintiffs' request such

relief, it too is barred.  *See S.E.C.*, 297 F.3d at 137 ("That effect brings the Receiver's motion

squarely within the Anti–Injunction Act and the federal-tax-exception to the Declaratory

Judgment Act.").

### iii.  Writ of Mandamus

Defendants argue that although the Court has jurisdiction to compel an individual

employee or officer of the United States to perform a duty owed to a plaintiff, the Court cannot

grant such relief in the form of a writ of mandamus where the plaintiff otherwise has an adequate

legal remedy available.  (DE 30-1 at 9.)  Further, Defendants argue that the Court may only

compel official action in a limited context, such as "the enforcement of nondiscretionary, plainly

defined, and purely ministerial duties."  (DE 30-1 at 9.)  Additionally, Defendants argue that the

Court cannot issue a writ of mandamus against the United States itself.  (DE 30-1 at 15.)

Plaintiffs make a scattershot assertion that the Court has jurisdiction to issue a writ of mandamus

under "28 U.S.C. Sections 1331, 1340, 1346, 1355, 1361, 15 U.S.C. Section 15, the Fourth and

Eight Amendments of the U.S. Constitution, the U.S. Tax Court Rules of Practice and Procedure,

Rule 12, and 330(b), 26 U.S. Code statutory provisions."  (DE 19 at 1-2.)

The Court has jurisdiction over "an action in the nature of mandamus to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff."  28 U.S.C. § 1361.  In that context, the Court may issue a writ of mandamus where

there is "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory

duty on the part of the defendant to do the act in question; and (3) no other adequate remedy

available."  *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972), *cert. denied*, 411 U.S. 918

(1973). The Court lacks jurisdiction to grant such relief if these requirements are not met. *Sloan*, 573 F. Supp. 2d at 828 (citing *Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir. 1983)).

To the extent that Plaintiffs seek mandamus relief, it is effectively against the United States, and the Court cannot grant that relief. *See Sloan v. Truong*, 573 F. Supp. 2d 823, 828 (S.D.N.Y. 2008) (rejecting a request for mandamus relief as to the United States). Nonetheless, as Defendants argue, Plaintiffs have other remedies such as a suit to recover damages related to unauthorized tax collection under 26 U.S.C. § 7433, or to the extent they challenge tax assessment, a refund suit under 26 U.S.C. § 7422, (DE 30-1 at 15). *See Leitner v. Koopman*, No. 09-MC-6033 (CJS), 2010 WL 681268, at *2 (W.D.N.Y. Feb. 22, 2010) (rejecting request for writ of mandamus where plaintiff failed to show there was no other adequate remedy available). Accordingly, the Court lacks jurisdiction to grant Plaintiffs' request for a writ of mandamus.

### iv. The Administrative Procedure Act

Plaintiffs invoke the Administrative Procedure Act ("APA"). Plaintiffs allege that under 5 U.S.C. § 704, an aggrieved person can seek judicial review of agency action without exhausting their administrative remedies if the applicable agency regulations do not require an appeal to be taken and provide that pending an administrative appeal the agency action is inoperative. (DE 19 at 4.) Section 704 actually states that agency actions that are made reviewable by statute, and final agency actions "for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. And though section 702 states that "[a] person suffering legal wrong because of agency action, or adversely affected . . . by agency action . . . is entitled to judicial review thereof," that is conditioned on the language in section 704 that provides such review when "no other adequate remedy in a court" are available. *See Vidurek*, 2021 WL 4066503, at *9 (citing 5 U.S.C. §§ 702, 704). Plaintiffs could have sought

review of any unfavorable tax liability determination and appealed to the United States Tax Court, and subsequently to the Court of Appeals.  *See id* (citing  26 U.S.C. §§ 6330(b), (c)(2)(B), 6330(d), and 7482).  Despite the availability of those avenues to Plaintiffs, they do not allege facts that show those procedures were utilized.  Accordingly, the Administrative Procedure Act is not a source of waiver of sovereign immunity as to their claims in this case.  *See id*.

### v.  **Internal Revenue Code**

 Defendants argue that Plaintiffs' claims are barred for failure to comply with the exhaustion requirements as needed to pursue a refund suit (DE 30-1 at 12).  *See* 26 U.S.C. § 7422.  Plaintiffs do not specifically allege this claim but to the extent they take issue with the IRS' tax assessment, section 7422 provides an avenue to obtain a refund to recover erroneously or improperly assessed or collect taxes.  *See* 26 U.S.C. § 7422(a).  Under section 7422, however:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Defendants argue to the extent Plaintiffs bring a claim under this section to obtain a refund for taxes they believe were assessed or collected illegally, they failed to allege that they properly filed a refund claim, or that they paid outstanding taxes prior filing this action.  (DE 30-1 at 12.)  To meet the exhaustion requirements, Plaintiffs claim for refund must be filed with the Secretary of Treasury.  26 U.S.C. § 7422(a)  The refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner

of the exact basis thereof," otherwise it "will not be considered for any purpose as a claim for refund or credit."  26 C.F.R. § 301.6402-2(b)(1).

Plaintiffs make vague references to "administrative procedures" instituted against James on July 27, 2021 seeking an explanation of his authority to "review and assess" their taxes.  (DE 19 at 2.)  Plaintiffs state that "we attempted procedures against the defendant as an agent but pursued him individually as *utltra vires.*"  (DE 9 at 3.)  That "at the time of this filing were performing administrative procedures against the defendant."  (DE 9 at 5.)  And "after the procedures were complete we sought declaratory relief" in this case.  The nature of those procedures, the agency they were instituted with, and their disposition, is all left to the imagination.  Indeed, in the documents Plaintiffs filed in response to the instant motion, Plaintiffs make reference to the Uniform Commercial Code, claim that the "IRS Agent" is "attempting to a levy against a fraudulent and blatant trespass" in violation of  "IRS 34.6.2.1" (which concerns types of tax related suits brought by the United States), and state that "*not all administrative remedies have been exhausted*" because of "IRS 5.17.14" (which concerns methods of tax collection for unpaid liabilities when a liable taxpayer has transferred property to a third person).  (DE 27 at 6 (emphasis added).)

Plaintiffs have attempted to administratively move against James himself rather than pursue administrative action with the IRS.  Plaintiffs state "we are not moving administratively against the United States or the IRS."  (DE 9 at 6.)  Plaintiffs allege that on July 27, 2021, which correlates with the date Plaintiffs allegedly started administrative procedures, they sent James a "First Notice" that he failed to respond to, and a "Second and Final Notice" on August 11, 2021, with the same result.  (DE 9 at 3.)  Plaintiffs do not allege having filed a sufficient refund claim with the IRS, and do not otherwise allege facts that would show that they complied with the

16

statutory prerequisites of section 7422(a).  *See Roberts v. I.R.S.,* 468 F. Supp. 2d 644, 649

(S.D.N.Y. 2006) ("[I]n resolving a challenge to subject matter jurisdiction, a court does not draw

inferences in favor of the plaintiff"), *aff'd*, 297 F. App'x 63 (2d Cir. 2008) (summary order).

Accordingly, any such claim is barred.  *See Magnone v. United States*, 902 F.2d 192, 193 (2d

Cir. 1990) ("[A] taxpayer must bring the claim for refund to the IRS as a prerequisite to

jurisdiction for the suit in federal court.").

Defendants also argue that Plaintiffs cannot maintain a claim under section 7433.  *See* 26

U.S.C. § 7433(a).  Again, Plaintiffs do not specifically bring a claim under that section but

Plaintiffs seem to generally allege that James acted negligently concerning his tax assessment

and collection duties.  Section 7433(a) waives sovereign immunity under certain circumstances:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any
> officer or employee of the Internal Revenue Service recklessly or intentionally, or
> by reason of negligence disregards any provision of this title, or any regulation
> promulgated under this title, such taxpayer may bring a civil action for damages
> against the United States in a district court of the United States. Except as provided
> in section 7432, such civil action shall be the exclusive remedy for recovering
> damages resulting from such actions.

26 U.S.C. § 7433(a).

However, similar to section 7422, Plaintiffs must first exhaust their administrative

remedies with the IRS to bring a claim.  *See* 26 U.S.C. § 7433(d)(1).  As discussed, Plaintiffs'

allegations simply do not establish that they have exhausted their remedies with the IRS itself,

and thus, have not pled waiver of sovereign immunity as to this potential claim.  Accordingly,

any such claim is barred.

### vi.  The Federal Tort Claims Act

Plaintiffs make references to the Federal Tort Claims Act § 1346, but the United States

has not waived sovereign immunity under the Federal Tort Claims Act as to "[a]ny claim arising

in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).  As Defendants

argue, Plaintiffs' challenge is one related to tax assessment and tax collection because Plaintiffs

allege that James did not provide his authority review or assess their taxes in response to their

requests.  (DE 30-1 at 12.)  Therefore, sovereign immunity bars Plaintiffs claims.  *See Aetna*

*Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477-78 (2d Cir. 1995) (affirming dismissal and

noting that 28 U.S.C. § 2680(c) relates to all tax related clams).

Accordingly, the undersigned respectfully recommends Defendants' motion to dismiss

for lack of subject matter jurisdiction be granted.

Since this is a Report and Recommendation to the District Judge, the alternative bases for

dismissal are also considered below.


### C.  Failure to State a Claim

Defendants argue that Plaintiffs' Second Amended Complaint otherwise fails to state a

claim upon which relief can be granted, and thus, should be dismissed.  (DE 30-1 at 16.)

Defendants state that Plaintiffs' claims fall short of the *Twombly* standard because Plaintiffs'

basis for bringing their claims is that James did not respond to the various notices they sent

demanding he explain his authority to assess and collect taxes with respect to Plaintiffs.  (DE 30-

1 at 10.)  But, they aver, Plaintiffs do not cite any applicable statute or regulation requiring James

to comply with those notices, and failed to provide sufficient factual detail to support their claims

under any applicable statute or regulation.  (DE 30-1 at 10.)

### i. *Bivens Claim*

Plaintiffs assert a claim against James pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). (DE 19 at 6.) Plaintiffs cite to the Fourth Amendment and state it protects against undue seizure of property. (DE 19 at 1.) Plaintiffs state a *Bivens* claim is available "when the agent is not cooperating or acting within the spirit of the law[.]" (DE 19 at 6.) Plaintiffs' assert generally that "constitutionally protected secured bill of rights has been violated by defendant as an employee or agent of government." (DE 19 at 5.)

*Bivens* provides that "alleged victims of constitutional violations by federal officials may recover damages despite the absence of any statute specifically conferring such a cause of action." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Under *Bivens* a Plaintiff can pursue monetary damages against federal officers in their individual capacities, however, "it does not authorize a suit against the government or its agencies for injunctive or monetary relief." *Davidson v. Comm'r*, 589 F. Supp. 158, 163 (S.D.N.Y. 1984). First, Plaintiffs state that they are not seeking monetary damages against the federal government or its agencies but rather "seeking a declaratory judgment against the defendant for failing to respond to its petitioners' numerous attempts to engage in finding of fact regarding the tax liens or levies filed against his person." (DE 19 at 6.) Plaintiffs formally amended their original complaint to remove monetary damages, and stated that "'[n]o monetary damages are being sought through the complaint for declaratory relief from" James or the United States. (DE 18 at 2.) Thus, Plaintiffs cannot maintain a *Bivens* action for the relief they seek. Second, as Defendants note, and as discussed *supra* § III.A, James was performing tax assessment and collection duties in his

official capacity as an IRS Revenue Officer and these claims are only properly against him in his official capacity, thus barred by sovereign immunity.

Moreover, Plaintiffs allege that the IRS "cannot seize assets that result in an undue hardship," which seemingly relates to the Notice of Levy.  (DE 19 at 3.)  Plaintiffs allege that the IRS seized Plaintiffs personal residence and bank account.  (DE 1 at 4.)  Plaintiffs generally claim the IRS cannot seize someone's pay, home or personal vehicle.  (DE 19 at 3.)  Plaintiffs, however, fail to allege a Fourth Amendment claim, for instance, they do not allege that the IRS seized their property without a warrant or with a defective one.  *See Hudson Valley Black Press v. IRS*, 307 F. Supp. 2d 543, 546 (S.D.N.Y. 2004) (finding the allegations did not fall within Bivens because *pro se* complaint did not allege a warrantless search or defective warrant).

Further, a *Bivens* claim is not available where "adequate remedial mechanisms exist for the alleged constitutional violations."  *Celauro*, 411 F. Supp. 2d at 257.  Defendants state that section 7433 "is the exclusive remedy for recovering damages resulting from the unauthorized collection of taxes."  (DE 30-1 at 8 (citing *Hudson Valley Black Press*, 409 F.3d at 112-15).)  And section 7433 only permits a damage suit, and only against the United States, not its officers or employees.  (DE 30-1 at 8.)  Thus, claims against James are improper.

Defendants correctly argue this claim should be dismissed because Courts have generally found that *Bivens* claims are unavailable against an IRS agent for tax assessment and collection.  (DE 30-1 at 14.)  "Because of the complex remedial scheme that Congress has created, and the plain indication that the failure of Congress to provide a remedy for injuries arising from tax assessment was not inadvertent, every circuit that has considered the appropriateness of a *Bivens* remedy in the taxation context has uniformly declined to permit one."  *Hudson Valley Black Press v. I.R.S.*, 409 F.3d 106, 113 (2d Cir. 2005).  Courts have consistently held that the Internal

Revenue Code provides "taxpayers with adequate legal remedies to redress unlawful tax assessments and collections." *Celauro*, 411 F. Supp. 2d at 257; *Vidurek*, 2021 WL 4066503, at *11 ("[A] *Bivens* action is not available against IRS officials to challenge tax collection and assessment."); *Perry v. Wright*, No. 12-cv-0721 (CM), 2013 WL 950921, at *8 (S.D.N.Y. Mar. 8, 2013) (finding a *Bivens* actions unavailable as to claims against IRS employees in their individual capacities because Plaintiff was suing "over alleged constitutional violations relating to the assessment and collection of her taxes"); *Roberts,* 468 F. Supp. 2d at 651 (finding that plaintiff "cannot assert a viable claim against these federal employees for any alleged violations of his constitutional rights as a result of their tax assessment and collection related activities.").

Accordingly, the undersigned respectfully recommends dismissal of Plaintiffs' constitutional claims against James.  *See Celauro*, 411 F. Supp. 2d at 267 (dismissing *Bivens* claim against IRS employee for failure to state a claim).

## ii.    Internal Revenue Code

Defendants argue that the Plaintiffs' claims, to the extent they come under sections 7422 and 7433, should be dismissed (DE 30-1 at 8).  Plaintiffs cannot bring a claim challenging an improper tax assessment under 7433, only tax collection.  *Hudson Valley Black Press*, 409 F.3d at 112-13 (noting that section 7433 only allows a damages action "related to tax collection, not to tax assessment, and only for violations of the Internal Revenue Code and its implementing regulations, not for violations of all federal law.").  Defendants argue that to the extent Plaintiffs' Second Amended Complaint can be construed as bringing claims under sections 7422 and 7433, for improper tax collection or a refund, respectively, Plaintiffs have failed to allege that they have file the required administrative claims with the IRS and otherwise met the procedural pre-requisites, before bringing those claims.  (DE 30-1 at 11.)  As discussed,  even construing

Plaintiffs' allegations liberally, Plaintiffs fail to allege sufficient facts for the Court to find that they timely filed claims, and otherwise followed the procedural pre-requisites of sections 7422 and 7433. *See supra §* III.B.v.

Plaintiffs do not otherwise allege facts sufficient to support a claim upon which the Court can grant relief under any relevant statute or regulation. Accordingly, the undersigned respectfully recommends granting Defendants' motion to dismiss for failure to state a claim.

### iii.    Insufficient Service of Process

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process because Plaintiffs did not affect proper service of the Summons and Complaint on James in his official or individual capacity. (DE 30-1 at 21.) Rule 4 prescribes the manner by which service of process must be effectuated in order to subject a defendant to the court's jurisdiction. *See* Fed. R. Civ. P. 4. Rule 4(i) provides that to serve a United States employee sued in their official capacity, "the party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). And to serve a United States Employee sued in their individual capacity related to an act or omission that occurred in the performance of their duties on behalf of the United States, the "party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

In order to serve James in his individual or official capacity, Plaintiffs were required to serve the United States pursuant to Rule 4(i)(1), which required Plaintiffs to (1) serve a copy of the Summons and Complaint on the United States Attorney for the Eastern District of New York or send copies "by registered or certified mail to the civil-process clerk at the United States attorney's office," and (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *See* Fed. R. Civ. P. 4(i)(1). As well as serve

James pursuant to Rule 4(e), which provides that an individual may be served by following the relevant state law for service, delivering a copy of the Summons and Complaint to the individual personally or leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.  *See* Fed. R. Civ. P. 4(e)(2)(A-B); *see also* N.Y. C.P.L.R. § 308 (allowing, *inter alia*, personal service by delivering the summons within the state to the party to be served or "delivering it within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend personal and confidential.").

Defendants argue that Plaintiffs did not serve the Summons and Complaint in accordance with these procedures, nor did they file proof of service with the Court.  (DE 30-1 at 12.) Certificates of service attached to Plaintiffs' Second Amended Complaint state that on March 11, 2022, service was effectuated by certified mail via the United States Postal Services ("USPS") on Mathew James at an address belonging to the IRS as well as the attorney representing the United States, Eric A. Ashby, II at the address listed for the Department of Justice, Tax Division. (*See* DE 18.)  This is insufficient under Rule 4(e)(2) and under New York law.  And nothing in the record supports a finding that service was properly effectuated on the United States accordance with Rule 4(i) nor do Plaintiffs allege as much.  *See Vidurek*, 2021 WL 4066503, at *10 (granting dismissal where *pro se* plaintiff failed to satisfy Rule 4 where plaintiff only mailed the summons and complaint to, *inter alia*, the IRS business address and did not otherwise properly serve the United States).

The Court may provide Plaintiffs with an opportunity to cure defective service of process, but Plaintiffs have not offered a reason for insufficient service of process, and given the undersigned's recommendation that the Court dismiss this action for lack of subject matter jurisdiction and for failure to state a claim, an opportunity to cure would be futile, therefore, the undersigned recommends granting Defendants' motion to dismiss for insufficient service of process. *See id.* (declining to grant leave to cure service where *pro se* Plaintiffs did not proffer a "colorable excuse for neglect").

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's motion to dismiss be granted and Plaintiffs' Second Amended Complaint be dismissed.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on Defendant's counsel. Defendant is directed to serve a copy of this Report and Recommendation upon Plaintiffs and promptly file proof of service.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to

appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
        January 12, 2023

                            RESPECTFULLY RECOMMENDED,

        /S/ *James M. Wicks*

              JAMES M. WICKS
          United States Magistrate Judge